OPINION
{¶ 1} Plaintiff-appellant Barbara Holycross (hereinafter "Barbara"), the surviving spouse of Michael H. Holycross (hereinafter "Decedent"), appeals the decision of the Probate Court of Champaign County which held that the proceeds from the decedent's life insurance policy were not to be included as assets in his estate. The probate court, instead, found the instant case indistinguishable from the Ohio Supreme Court's decision in Aetna v. Schilling (1993), 67 Ohio St.3d 164, 616 N.E.2d 893,1993-Ohio-231, and held that the decedent's ex-wife, the designated beneficiary in the life insurance policy, was entitled to the proceeds.
 {¶ 2} For the following reasons, the judgment of the probate court will be affirmed.
 I {¶ 3} The decedent died on February 4, 2004. At the time of his death, the decedent owned a life insurance policy issued by Aetna Life Insurance Company. The sole designated beneficiary on the policy was Carol Zerkle, the decedent's ex-wife. It is undisputed that the last time the decedent updated the beneficiary designation on the life insurance policy was November 29, 1972.
 {¶ 4} In 1993, the decedent divorced Zerkle but failed to remove her as the designated beneficiary on the life insurance policy. Additionally, their divorce decree contained no provision with respect to the insurance policy.
 {¶ 5} On May 3, 1997, the decedent married Barbara. Throughout the course of his second marriage, Zerkle's status as the designated beneficiary on his life insurance policy remained unchanged. Upon the death of the decedent in 2004, the proceeds from the decedent's life insurance policy, totaling $32,532.30, were paid directly to Zerkle.
 {¶ 6} On January 27, 2004, Matthew Holycross, the decedent's son, was appointed as executor of his estate. After an inventory was done of the estate which was appraised at $3,493.80, Barbara filed objections to the inventory on June 11, 2004. On July 7, 2004, Barbara filed a complaint for concealment of assets. The objections as well as the complaint asserted that the proceeds of the decedent's life insurance policy should be included in the assets of the estate and administered accordingly.[1]
 {¶ 7} An evidentiary hearing was held before the probate court, and the parties were allowed to brief any pertinent issues. As stated earlier, the probate court held that in light of the decision inSchilling, the proceeds of the decedent's life insurance policy were properly distributed to Zerkle, the designated beneficiary.
 {¶ 8} From this judgment, Barbara Holycross now appeals.
 II {¶ 9} Barbara's sole assignment of error is as follows:
 {¶ 10} "THE COURT ERRED IN REFUSING TO ACKNOWLEDGE THAT DIVORCED EX-SPOUSE OF A DECEDENT WAIVES HER RIGHTS AS BENEFICIARY OF A LIFE INSURANCE POLICY ON THE LIFE OF A DECEDENT, BY FAILING TO SPECIFICALLY PRESERVE SUCH RIGHTS IN THE TERMS OF THE DIVORCE DECREE, WHEN SUCH DIVORCE DECREE IS EXECUTED AFTER THE EFFECTIVE DATE OF O.R.C. § 1339.63."
 {¶ 11} In her only assignment of error, Barbara contends that the probate court erred when it found that Zerkle was entitled to the proceeds of the decedent's life insurance policy. Barbara argues that the holding in the Schilling decision is factually and legally distinguishable from the instant case. Thus, the proceeds of the decedent's life insurance policy should have been placed in his estate.
 {¶ 12} In particular, Barbara asserts that R.C. § 1339.63 applies to the facts of the instant case and precludes Zerkle from being entitled to the proceeds of the decedent's life insurance policy. R.C. § 1339.63, which went into effect on May 31, 1990, states in pertinent part:
 {¶ 13} "(B)(1) Unless the designation of beneficiary or the judgment or decree granting divorce, dissolution of marriage, or annulment specifically provides otherwise, * * * if a spouse designates the other as a beneficiary * * * and if * * * the spouse who made the designation or whose behalf the designation was made, is divorced from the other spouse, * * * then the other spouse shall be deemed to have predeceased the spouse who made the designation * * * and the designation of the other spouse as a beneficiary is revoked as a result of the divorce * * *."
 {¶ 14} The Supreme Court in Schilling held that "the provisions of R.C. § 1339.63, as applied to contracts entered into before the effective date of the statute, impair the obligation of contracts in violation of Section 28, Article II of the Ohio Constitution." Syllabus. InSchilling, the husband designated his wife as beneficiary in a life insurance policy issued in 1975. In March 1977, they were divorced. The husband remarried in 1988, and he subsequently died on June 19, 1990. As in our case, the husband passed without modifying the initial beneficiary designation. The trial court held that under R.C. § 1339.63, the first wife was deemed to have predeceased the husband. The Supreme Court reversed, finding R.C. § 1339.63 could not be applied to a contract of insurance and a designation of beneficiary made prior to the statute's effective date. Id. At 166-167. Because the statute could not be retroactively applied to revoke the ex-wife's beneficiary status, she was entitled to the proceeds of the decedent's life insurance policy.
 {¶ 15} In Schilling, the husband divorced his first wife prior to the enactment of R.C. § 1339.63. In the case before us, the decedent did not divorce Zerkle until approximately three years after the effective date of the statute. Barbara contends that this distinguishing factor necessitates a finding that ex-wife's status as beneficiary was waived upon the death of the decedent as mandated by R.C. § 1339.63 because there was no mention in the divorce decree or separation agreement of either parties' desire to maintain Zerkle as the designated beneficiary. In effect, Barbara requests us to announce the general principle that "one who is divorced after the effective date of O.R.C. [§] 1339.63, waives any contractual rights as beneficiary of a life insurance policy on the life of their spouse unless such beneficiary rights are specifically retained by the terms of the divorce decree."
 {¶ 16} It is undisputed that the decedent's life insurance contract was executed well prior to the enactment of R.C. § 1339.63. As we noted previously, Zerkle's status as designated beneficiary had not been updated since 1972. The Supreme Court held in Schilling that R.C. § 1339.63 could not be applied retroactively to impair or nullify contracts which were entered into before the statute went into effect. Barbara asserts that R.C. § 1339.63, when read in conjunction with the divorce decree, acts to nullify the beneficiary designation because the decedent divorced Zerkle after the statute was enacted. This argument ignores the fact that to adopt her interpretation would require a retroactive application of R.C. § 1339.63 in violation of the holding of Schilling. For application of the Schilling decision, it is irrelevant when the divorce occurred. What is of key importance, however, is when the life insurance policy is executed and the beneficiary is designated. Since the policy was executed and the beneficiary named prior to the enactment of R.C. § 1339.63, the statute has no application in this instance. Thus, Zerkle is entitled to the proceeds from the decedent's life insurance policy.
 {¶ 17} Barbara Holycross' sole assignment of error is overruled.
 III {¶ 18} Barbara Holycross' sole assignment of error having been overruled, the judgment of the probate court is affirmed.
Fain, J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Barbara's objections and complaint also claimed that the inventory was incomplete with respect to other items of personal property which should have been listed as part of the decedent's estate. Those other items, however, are not at issue in this appeal.